## WALTER H. COMSTOCK vs. JOHN J. CAVANAGH.

A., the owner, leased by a sealed instrument for a term of years to B. certain realty, a part of which was subject to a parol lease to C., who was in possession of this part, holding an unexpired term of tenancy by the month, and who refused to attorn to B. *Held*, that the notice to quit, required by Pub. Stat. R. I. cap. 232, § 3, must be given to C. by A., and not by B.

*Held*, further, that B. without the attornment of C. acquired no estate in the land leased to C. during the continuance of C.'s tenancy.

*Held*, further, that the statutes 32 Henry 8, cap. 34, and 4 & 5 Anne, cap. 16, § 9, had no application.

EXCEPTIONS to a Special Court of Common Pleas.

*February* 7, 1891.  MATTESON, J.  This is an action of trespass and ejectment, brought in a Special Court of Common Pleas, to recover possession of a store numbered 20 South Main Street, in Woonsocket, on the first floor of the building known as the Eureka Block, and also the rooms numbered 4, 5, 6, and 7, on the second floor of that building.  The Eureka Block is the property of one William R. Cooke, who, prior to June 17, 1890, had let the portions of the building specified to the defendant, as tenant from month to month, the occupation month beginning on the 15th day of the month.  On the date named, while the defendant was in the occupation of the premises so let to him, Cooke leased to the plaintiff, by a written lease, in common form, duly signed, sealed, and acknowledged, for a term of years, the whole building, reserving rooms numbered 1 and 2 on the second floor.  The plaintiff gave notice of this lease to the defendant, and on June 30, 1890, served the defendant with a written notice to quit the premises occupied by him on or before July 15, 1890.  The defendant did not quit the premises as required by the notice, and refused to pay rent to the plaintiff, or to attorn to him.

At the trial the court ruled that the notice to quit ought to have been given by Cooke and not by the plaintiff, and having rendered judgment for the defendant for costs, the plaintiff now brings the cause to this court by bill of exceptions, alleging that the ruling and judgment were erroneous.

Pub. Stat. R. I. cap. 232, § 3, is as follows: "Tenants by parol of houses, tenements, messuages, farm or farming lands, for any term less than a year, shall quit upon notice in writing from the lessor or owner given at least half the period of the term, not exceeding in any case three months prior 'to the expiration of the same, at any return thereof."

The exception raises the question by whom the notice to quit, in order to terminate a tenancy, should be given, in a case in which the owner of property makes a lease of it to another, in

writing, under seal, subject to a prior letting under which the tenant is in possession and refuses to attorn to the lessee, or, in other words, who in such a case is to be regarded as the "lessor or owner" within the meaning of the statute. The answer to this question depends upon the effect to be given to the lease. We have no statutory provision modifying the common law as to such effect, and hence it is to be determined according to the common law. When a lease is made at common law, the tenancy is not complete until the lessee has entered upon the land demised. The lease itself is regarded, not as a conveyance, but merely as a contract for the possession of the land, and, therefore, before entry, the lessee has no interest or estate in the land, but only a right to have the land for the term of the lease, called in law an *interesse termini*. 1 Instit. 46 b.; Bacon's Abridg. Tit. Leases and Terms for Years (M.); *Miller* v. *Green*, 8 Bing. 92, 104, 105, 106. It follows that if at the making of the lease the land demised be in the possession of a tenant under a prior letting, so that no entry upon it can lawfully be made by the lessee, the lessee can acquire no estate in the land during the continuance of the prior tenancy, unless he can prevail upon the prior tenant to attorn to him, so that the possession of the prior tenant becomes also his; and accordingly, the rule in such a case is, that without attornment no interest in the reversion passes under the lease, but it is good against the tenant only as a future *interesse termini*, to take effect in possession on the determination of the prior tenancy. *Rawlyns' Case*, 4 Rep. 52 a, 53 b; Bacon's Abridg. Tit. Leases and Terms for Years (N); *Doe Dem. Agar* v. *Brown*, 2 El. & B. 331, 348; *Edwards* v. *Wickwar*, L. R. 1 Eq. 403, 404. Inasmuch, therefore, as the plaintiff took nothing under his lease from Cooke but a mere right to the possession of the leasehold premises upon the determination of the defendant's tenancy, we think the notice to terminate that tenancy should have been given by Cooke, the lessor, and that he is the person intended by the words "lessor or owner" in the statute. For the same reason we do not think that the statutes 32 Henry VIII. cap. 34, and 4 & 5 Anne, cap. 16, § 9, are applicable. *Exceptions overruled.*

*John J. Heffernan*, for plaintiff.

*John M. Brennan*, for defendant.